UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MAX W. HECKER,

       Plaintiff,

       v.

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

       Defendant.

Civil No. 06-3009-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

      Plaintiff Max Hecker brings this action for judicial review of a final decision from defendant Commissioner denying plaintiff's application for disability insurance benefits (DIB) and Supplemental Security Income (SSI) payments. Plaintiff applied for DIB and SSI on October 2, 2001. This application was denied initially and upon reconsideration. An Administrative Law Judge (ALJ) conducted a hearing on September 7, 2004. A supplemental

---

[1] On February 12, 2007, Michael J. Astrue became Commissioner of Social Security and he should be substituted in these proceedings as such. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25 (d)(1).

1- OPINION AND ORDER

hearing was held on January 21, 2005. On April 15, 2005, the ALJ issued a decision finding that plaintiff is not entitled to benefits. This decision became the Commissioner's final decision upon the Appeals Council's denial of review. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210. Plaintiff seeks judicial review of this decision.

## **STANDARDS**

To establish an eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability. 20 C.F.R. §§ 404.1520, 416.920; *see also Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to a second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If the claimant's impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe they are presumed to preclude SGA. 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of

Impairments"). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

However, in the fifth step, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant must be deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

3- OPINION AND ORDER

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted). The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citation omitted).

However, a decision supported by substantial evidence still must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision. *Reddick*, 157 F.3d at 720-21.

**SUMMARY OF THE ALJ'S FINDINGS**

At Step One, the ALJ found that plaintiff has not engaged in SGA since the alleged onset of his disability. Transcript of Record (hereinafter "Tr.") 36.

4- OPINION AND ORDER

At Step Two, the ALJ found that plaintiff had severe impairments, including bipolar disorder and fibromyalgia. Tr. 42.

At Step Three, the ALJ found that plaintiff's impairments, individually and in combination, did not meet or equal the requirements of a listed impairment. Tr. 42.

At Step Four, the ALJ found that plaintiff is unable to perform his past relevant work. Tr. 45. The ALJ so found after determining that plaintiff's RFC allows him to lift 20 pounds occasionally and 10 pounds frequently, stand six hours out of an eight hour day, and remember locations and short, simple instructions. Tr. 44.

At Step Five, the ALJ found that plaintiff could perform a significant range of light work. Tr. 45.

## FACTS

The relevant background has been presented thoroughly by the parties and in the ALJ's decision, and is summarized here. Plaintiff was thirty-four years old at the time the ALJ rendered a decision. At the hearing, plaintiff alleged disability due to fibromyalgia, bipolar disorder, post traumatic stress disorder (PTSD), and other medical conditions. Specific medical facts and background will be addressed as necessary in conjunction with the parties' remaining legal arguments.

## DISCUSSION

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for payment of benefits because the ALJ (1) improperly rejected plaintiff's pain testimony and evidence of fibromyalgia, (2) incorrectly rejected Dr. Kenneth Manuele's medical

5- OPINION AND ORDER

opinion, and (3) erroneously based his decision on a response to an incomplete hypothetical given to the vocational expert (VE).

**1.      Plaintiff's Testimony**

Plaintiff asserts that the ALJ erred in evaluating his testimony.  If an ALJ finds that a claimant's testimony relating to limitations is unreliable, the ALJ must make a credibility determination citing the reasons why that testimony is unpersuasive.  *See Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).  The ALJ must identify specifically what testimony is credible and what testimony undermines the claimant's complaints.  *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citation omitted); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In evaluating a claim of subjective symptom testimony, the ALJ must determine whether the claimant has produced objective medical evidence of an underlying impairment which could reasonably be expected to produce the symptoms alleged.  20 C.F.R. § 404.1529(a); *Smolen v. Chater*, 80 F.3d 1273,1281-82 (9th Cir. 1996) (citation and quotation omitted).  The ALJ may consider medical evidence as a relevant factor in determining a claimant's credibility.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The Ninth Circuit set out a threshold test in *Cotton v. Bowen* (reaffirmed in *Bunnell*) to assist the ALJ in deciding whether to accept a claimant's subjective symptom testimony.  *See* 799 F.2d 1403 (9th Cir. 1986).  If the claimant produces evidence that meets the *Cotton* test, and there is no evidence of malingering, then the ALJ can reject the claimant's testimony about the severity of symptoms only after offering specific, clear and convincing reasons for doing so.  *See Dodrill*, 12 F.3d at 918.

6- OPINION AND ORDER

Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms must meet two tests. First, the claimant "must produce objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged'" *Bunnell*, 947 F.2d at 344 (quoting 42 U.S.C. § 423(d)(5)(A)); *see also Cotton*, 799 F.2d at 1407. Second, he or she must show that the impairment or combination of impairments could reasonably be expected to (not necessarily that it did) produce some degree of symptom. This means that the claimant need not produce objective medical evidence of the *symptom*, or the severity thereof:

> Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom. By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the *Cotton* test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon. Finally, the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. This approach reflects the highly subjective and idiosyncratic nature of pain and other such symptoms. . . . Thus, the ALJ may not reject subjective symptom testimony under the *Cotton* analysis simply because there is no showing that the impairment can reasonably produce the *degree* of symptom alleged.

*Smolen*, 80 F.3d at 1282 (emphasis added) (citations and footnote omitted).

In addition to medical evidence, factors relevant to the ALJ's credibility determination include: a plaintiff's daily activities; the location, duration, frequency, and intensity of his or her symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication; treatment, other than medication; measures used to relieve symptoms; and functional limitations caused by the symptoms. *Id.* at 1284; 20 C.F.R. § 404.1529(c)(3).

7- OPINION AND ORDER

"The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284 (citation omitted). In determining that subjective testimony is not credible, the ALJ may rely on:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.

*Id*. (citations and footnote omitted).

In sum, if the plaintiff has met the burden of showing that his or her impairment or combination of impairments *could reasonably be expected to* (not that it did in fact) produce some degree of the symptoms plaintiff's testimony describes, and there is no evidence suggesting that the plaintiff is malingering, the ALJ may not reject testimony regarding the severity of plaintiff's symptoms unless there are clear and convincing reasons for doing so. *Id*. at 1283; *see also Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004).

In this case, the ALJ referred to clear and convincing evidence in the record to support its partial rejection of plaintiff's testimony about his limitations. The ALJ examined the relevant medical reports extensively before concluding that plaintiff's testimony regarding the impact of his impairments was only partially supported by the medical evidence. The ALJ acknowledged that plaintiff's conditions include fibromyalgia and bipolar disorder, Tr. 42, and included these factors in deciding to restrict plaintiff to light work, Tr. 45.

The ALJ properly concluded that plaintiff's subjective testimony regarding his symptoms was only partially credible. Tr. 43. The ALJ found that some of plaintiff's alleged symptoms and their intensity, persistence, and limiting effects are unsupported by objective medical

8- OPINION AND ORDER

findings or other corroborating evidence. Tr. 23. For example, the ALJ noted that plaintiff claims to suffer from PTSD but denied any PTSD symptoms to his treating nurse practitioners. Tr. 43. Plaintiff alleges seizures, but continues to drive. Tr. 43. He testified that he needs back surgery, but the record is devoid of any significant back complaint. Tr. 43. These inconsistencies are clear, convincing, and based on substantial evidence from the record.

An ALJ may also consider a claimant's activities of daily living when assessing his or her credibility. *See Thomas*, 278 F.3d at 958-59. Here, the ALJ reasonably found that plaintiff's daily activities, which include driving, watching small children, performing household chores, working on lawn mowers, and spending hours on the computer, are inconsistent with some of plaintiff's alleged symptoms. Tr. 43-44. Based on these factors, the ALJ satisfied its obligation to provide clear and convincing reasons for rejecting plaintiff's testimony.

**2.     Dr. Manuele's Opinion**

Plaintiff asserts that the ALJ erred by rejecting Dr. Manuele's medical opinion concerning the severity of plaintiff's ailments. While clear and convincing reasons are required to reject an examining physician's uncontradicted opinion, the ALJ need only provide specific and legitimate reasons, supported by substantial evidence, to reject an examining physician's opinion that is contradicted by another physician. *Andrews*, 53 F.3d at 1041. The ALJ may properly disregard a medical opinion, even the opinion of an examining source, which is based on the self-reporting of a properly discredited claimant. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

The ALJ agrees with Dr. Manuele to the extent that plaintiff could not continue his past relevant work. Tr. 37. However, the ALJ found that Dr. Manuele's opinion lacked objective

evidence of plaintiff's grip strength, equilibrium problems, and ability to work more than four hours. Tr. 37. According to the ALJ, Dr. Manuele accepted at face value plaintiff's own statements in reaching his opinion, without completing objectives tests. Tr. 37. Because the ALJ discredited plaintiff's testimony, he may properly disregard a medical opinion that is based on plaintiff's self reporting. *Tonapetyan*, 242 F.3d at 1149.

### 3.     ALJ's Reliance on Vocational Expert's Response to Hypothetical

Finally, plaintiff argues that the ALJ erred by relying upon an inadequate RFC in developing hypothetical questions for the VE at Step Five. As noted above, the ALJ must determine if the claimant is capable of performing work existing in the national economy. The ALJ can support this by showing that jobs exist in the national economy that the claimant's RFC permits him to perform.

According to plaintiff, "[a]t the first hearing the ALJ questioned the VE as to a hypothetical worker matching plaintiff's age, education and work experience *with the limitations on which the ALJ based his decision*." Pl.'s Brief at 19 (emphasis added). Plaintiff complains that the ALJ's hypothetical question omitted or improperly discounted some of plaintiff's psychological and physical limitations. When plaintiff's counsel asked the VE to consider such limitations, the VE testified that they would preclude competitive work. Tr. 468-69, 471-73, 476-79.

The ALJ was not required to include such limitations in the hypothetical question because the ALJ concluded properly that these limitations were not supported by substantial evidence. *See Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989) (an ALJ is not bound to accept as true any restrictions presented in a hypothetical question propounded by a claimant's

counsel, but may choose to accept these restrictions if they are supported by substantial evidence). As discussed above, the ALJ properly discredited plaintiff's testimony about the extent of plaintiff's symptoms.

Having discredited plaintiff's testimony, the ALJ properly rejected Dr. Manuele's opinions regarding plaintiff's limitations, since they were based on plaintiff's subjective reporting and behavior. The hypothetical question posed by the ALJ was consistent with the objective medical evidence. Accordingly, the ALJ's Step-Five analysis was proper.

## CONCLUSION

Based on the foregoing, the findings of the Commissioner are based upon the correct legal standards and are supported by substantial evidence in the record. The final decision of the Commissioner denying plaintiff Max Hecker's application for benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this  26th   day of July, 2007.

　　　　　　　　　　　　　　　　　　　　　　　 /s/ Ancer L Haggerty                       
　　　　　　　　　　　　　　　　　　　　　　　ANCER L. HAGGERTY
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

11- OPINION AND ORDER